HARDIN GRAVES *v.* ROBERT HICKERSON ET AL.

**Judgment—Appeal from on Agreed Facts.**
> An appeal from an agreed judgment, after the time allowed, will not reopen the judgment, but is held conclusive as to the question of liability therein.

**Guardian and Ward—Expenses Equal to Receipts from Ward's Property.**
> Where the expenses of maintenance of wards equal the rents, inter-terest, etc., of their property, one is held to balance off the other.

APPAEL FROM WASHINGTON CIRCUIT COURT.

April 23, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The judgment of May, 1864, fixed the liability of Hall, the guardian, and his sureties for the price paid to McDaniel for the land, that judgment it was agreed by the parties, should be final for the purposes of an appeal to this court, but it was not appealed from and therefore must be regarded as conclusive of the question of liability, and is irrevocable now.

Appellees, Susan and Sarah, were apprenticed to Carter Hall, and subsequently thereto he was on his own motion appointed their guardian; that would have been a useless ceremony if they had been entirely without estates, as he had, by binding them to him, the care and custody of the children which if any fortifying circumstances were necessary strengthens the conclusion that the land had been paid for by their father.

The principal sum charged against the guardian as the price paid by the father of the wards is the true amount paid by him as shown by the evidence, and the time fixed, when it should carry interest not improper.

On the cross-appeal but little need be said. While, it is true that Susan and Sarah Hall were bound to Carter Hall, still he did not treat them as apprentices, but was as careful and attentive to their education and comfortable support as his means would allow. And the expenses thus incurred by him must have

exceeded, as the evidence shows, the annual profits, or interest in the small sums that were their shares of the price of the land, and the judgment is not unjust to them under all the circumstances.

Wherefore, the judgment is *affirmed* on the original and cross-appeals.

*Harlan, Hays, for appellant.*

*Brown, for appellees.*